uncontroverted, and the record of the testimony in this cause, the Court refused to permit the defendant to introduce said calendar as complained of in said Bill of Exception No. 5 because same was not material and in no way contradicted the testimony of the witnesses upon the trial of this cause."

As the matter appears here, the qualifying statements of the trial judge are binding upon this court. Especially is this true in view of the fact that to the court's remarks there was addressed no exception by the appellant. See Nance v. State, 117 Tex. Cr. R. 250, 35 S.W.(2d) 155; Barnett v. State, 119 Tex. Cr. R. 594, 43 S.W.(2d) 449; La Fitte v. State (Tex. Cr. App.) 54 S.W.(2d) 136.

Regarding the evidence as sufficient to support the verdict and finding no error which would justify interference therewith by the appellate court, the judgment is affirmed.

fense. It seems that both Sadler and Spearman sought a severance. The court granted the severance and Sadler was tried first.

The evidence heard upon the trial is not brought before this court for review.

A suspended sentence was sought and properly submitted in the charge of the court. The jury declined to accord the suspended sentence.

In the absence of the facts, this court is not in a position to pass upon the matters presented in the motion for new trial.

Perceiving **no** error, the judgment is affirmed.

MORROW, Presiding Judge.

The offense is the unlawful manufacture of intoxicating liquor; penalty assessed at confinement in the penitentiary for two years.

The appellant Charlie Sadler and Will Spearman were jointly indicted for the of-